**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

UNITED STATES OF AMERICA,

  v.

EVANS CONCRETE, LLC; JAMES
CLAYTON PEDRICK; GREGORY HALL
MELTON; JOHN DAVID MELTON; and
TIMOTHY TOMMY STRICKLAND,

  Defendants.

CASE NO.: 4:20-cr-81

**O R D E R**

On April 20, 2023, the Magistrate Judge issued an Order ruling on all non-dispositive motions, (doc. 344), and two Reports and Recommendations ("R&Rs") concerning dispositive motions, (docs. 341, 343), sealing the R&R concerning alleged prosecutorial misconduct in compliance with the grand jury confidentiality requirements of Fed. R. Crim. P. 6.  This Order addresses the parties' responses and objections to all three.  Sealing this Order is not required because no discussion of confidential grand jury proceedings is necessary herein.

**I. Adoption of Recommendation to Deny Motion to Dismiss Alleging Prosecutorial Misconduct**

The Magistrate Judge recommended denial of the motion to dismiss based on alleged prosecutorial misconduct during the grand jury proceedings.  (Doc. 343.)  Defendants did not file objections, a docketing entry to the contrary notwithstanding.  (See doc. 347, p. 1.)  The government filed a response noting two immaterial factual errors in the R&R.  (See doc. 353.) After a careful, *de novo* review of the entire record, the Court concurs with the Magistrate Judge's R&R.  Accordingly, the Court **ADOPTS** the R&R as the opinion of the Court and **DENIES** the Motion to Dismiss Indictment Due to Prosecutorial Misconduct.  (Doc. 223.)

**II.      Adoption of Recommendation to Deny Motions Seeking Dismissal and Suppression**

After a careful, *de novo* review of the entire record, the Court concurs with the Magistrate Judge's R&R addressing the remaining motions to dismiss or suppress.  (Doc. 341.)   The Magistrate Judge rejected all defense arguments for dismissal and suppression of evidence.  (Id.) Defendants objected.  (Docs. 347, 348, 349.)  The only objections requiring discussion are those discussed below raised by Pedrick.  (Doc. 347.)

The Magistrate Judge recommended denial of Pedrick's motion to dismiss Count Two, charging false statements in violation of 18 U.S.C. § 1001, based on his argument of fundamental ambiguity. (Doc. 198.)  In his objections, Pedrick argues the Court is "reward[ing] the government for [its] shortcomings" by choosing not to address ambiguity at the dismissal stage due to the absence of a transcript of the questions asked and answered, and he requests a hearing to determine the exact questions and answers.  (Doc. 347, pp. 18-20.)  However, "[t]he lack of a record, and corroboration, does not go to the propriety of the charges, but to the sufficiency and persuasiveness of the Government's evidence, which will be determined at trial by the jury."  United States v. Alshahhi, No. 21-CR-371 (BMC), 2022 WL 2239624, at *15 (E.D.N.Y. June 22, 2022), *recons. den.*, 2022 WL 3595056 (E.D.N.Y. Aug. 23, 2022).

Pedrick further argues the charged statements could not be material because he recanted just one day later. (Doc. 347, pp. 19-20.)  "[T]he fact that [a statement] did not actually influence the Government is immaterial."  United States v. Fern, 696 F.2d 1269, 1275 (11th Cir. 1983).  For this reason, recantation does "not negate the element of materiality . . . ."  United States v. Kim, 808 F. Supp. 2d 44, 60 (D.D.C. 2011); see Daniel Duhaime, False Statements and False Claims, 56 Am. Crim. L. Rev. 875, 889 (2019) (compiling case law showing "most courts hold that § 1001 contains no such [recantation] defense, citing specific recantation language in the perjury statute and rejecting the immateriality of a recanted false statement").

2

The Magistrate Judge also recommended denial of Pedrick's motion to suppress, (doc. 193), reasoning even if government attorneys violated Georgia Rule of Professional Conduct 4.2, *i.e.*, the no-contact rule, by conducting an uncounseled interview despite knowledge Pedrick was represented, neither dismissal nor suppression is an available remedy. The Magistrate Judge relied primarily on United States v. Lowery, 166 F.3d 1119, 1124 (11th Cir. 1999) and United States v. Tapp, No. CR 107-108, 2008 WL 2371422 (S.D. Ga. June 4, 2008). Among his objections, Pedrick contends Lowery is inapposite because the Eleventh Circuit issued its decision prior to enactment of the McDade Amendment to the Citizens Protection Act, 28 U.S.C. § 530B, which provides in pertinent part as follows: "An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State." (See doc. 347, pp. 1-17.)

Pedrick correctly points out the McDade Amendment became effective a few months after the Eleventh Circuit issued its decision in Lowery. However, as the Southern District of Florida has explained, the Lowery court "treated the legislation as if it were fully effective for the purposes of its analysis of the case." United States v. Esformes, No. 16-20549-CR, 2018 WL 5919517, at *18 (S.D. Fla. Nov. 13, 2018). Pedrick also finds fault with this Court's decision in Tapp, arguing it failed to discuss relevant Supreme Court precedent. No such error can be found in Tapp's detailed and thorough analysis.

Finally, contrary to Pedrick's assertions, a violation of the no-contact rule is not itself a Fifth Amendment due process violation. Indeed, Pedrick's argument is "contrary to the binding authority in this Circuit." United States v. Jafari, No. 1:19-CR-0078-SCJ-LTW, 2020 WL 7090698, at *11 (N.D. Ga. Feb. 25, 2020), *adopted by* 2020 WL 6281703 (N.D. Ga. Oct. 27, 2020); see United States v. Beck, No. 1:19-CR-184-MHC-JSA, 2019 WL 6769638, at *5 (N.D. Ga. Dec.

12, 2019) (finding <u>Lowery</u> bars suppression for violations of state ethics rules); <u>Esformes</u>, 2018 WL 5919517, at *17 (same); <u>United States v. Moss</u>, No. 10-60264-CR, 2011 WL 2669159, at *8 (S.D. Fla. Mar. 21, 2011) (same), *aff'd*, No. 10-60264-CR, 2011 WL 2669138 (S.D. Fla. May 6, 2011); <u>see also</u> <u>United States v. Scrushy</u>, 366 F. Supp. 2d 1134, 1141 (N.D. Ala. 2005) ("Nothing in <u>Lowery</u>, however, indicates that its holding is in any way limited to less serious or only minor breaches of state ethics rules.").

Accordingly, the Court **OVERRULES** Defendants' objections, **ADOPTS** the R&R as the opinion of the Court, and **DENIES** the following motions seeking dismissal or suppression, (docs. 178, 185, 193, 197, 198, 206, 221).

### III.    Overruling of Objection to Magistrate Judge's Order Denying Motions for Bill of Particulars

Defendants Evans Concrete and Strickland object to the Magistrate Judge's denial of their motions for a bill of particulars.  (Docs. 187, 344, 354.)  Pursuant to Fed. R. Crim. P. 59(a) and 28 U.S.C. § 636(b)(1)(A), this Court reviews the Magistrate Judge's Order to determine whether it is "clearly erroneous" or "contrary to law." <u>See</u> <u>United States v. Schultz</u>, 565 F.3d 1353, 1357 (11th Cir. 2009).  Findings of fact "are 'clearly erroneous when, although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" <u>Johnson & Johnson Vision Care, Inc., v. 1-800 Contacts, Inc.</u>, 299 F.3d 1242, 1246 (11th Cir. 2002) (citing <u>Univ. of Ga. Athletic Ass'n v. Laite</u>, 756 F.2d 1535 (11th Cir. 1985)).  A review of the Magistrate Judge's application of the law is *de novo*, as the "application of an improper legal standard . . . is never within a court's discretion." <u>Id.</u>  (internal citation omitted).

The Magistrate Judge denied the motions for a bill of particulars "because nearly every detail sought by Defendants" would be found in pretrial disclosures the parties agreed to exchange,

4

including the government's voluntary production on March 1, 2023, of a near-final exhibit and witness list. (See doc. 344, p. 6 (citing doc. 296).) In their objections, Defendants point to several documents on the government's preliminary exhibit list that referenced hundreds of concrete jobs never mentioned in the remaining exhibits. (See doc. 354, Ex. A.) Defendants argue the government's disclosures left "completely open the possibility that they may discuss any of the projects with which Argos and Evans were even peripherally involved over the years and years of their business." (Doc. 354, p. 16.)

On June 8, 2023, the parties agreed to work on a stipulation to address these concerns. (See doc. 359.) On June 30, 2023, the parties stipulated as follows:

> The government will not introduce evidence at trial relating to a specific project unless that project is referenced with sufficient particularity in (a) an interview report of a witness on the government's final witness list, (b) an audio recording on the government's final exhibit list, or (c) a document on the government's final exhibit list (excluding references made solely on any of the following documents:
>
> 1. ARGOS_RMX_04_0065502
> 2. ARGOS_RMX_04_0077566
> 3. ARGOS_RMX_04_0161884
> 4. ARGOS_RMX_05_0267325
> 5. ARGOS_RMX_05_0268208
> 6. ARGOS_RMX_05_0271090
> 7. ARGOS_RMX_05_0292218
> 8. ARGOS_RMX_05_0293962
> 9. ARGOS_RMX_05_0299596
> 10. ARGOS_RMX_05_0299923
> 11. ARGOS_RMX_05_0301399
> 12. ARGOS_RMX_05_0305274
> 13. ARGOS_RMX_05_0306861).
>
> "Referenced with sufficient particularity" means that the reference enables the defendants reasonably to discern the specific project being referenced, typically through reference to the location of the project, the time period of the project, or other such specifics that correlate the reference to a specific project. However, the parties recognize that some references in documents, audio recordings, and witness statements may fail to precisely identify the referenced project, for instance because multiple projects occurred at similar locations or with similar contractors over the years. To the extent that any question exists regarding the specific project being

referenced, defendants may request clarification from the government, which the government shall make reasonable efforts to provide.

(Doc. 368, p. 3.) The Court agrees that the disclosures and stipulation together obviate the need for a bill of particulars.

For these reasons, the Magistrate Judge's Order is neither clearly erroneous nor contrary to law, and the Court **OVERRULES** Defendants' objection and **AFFIRMS** the Magistrate Judge's Order denying the motions for a bill of particulars. (Doc. 344.)

**SO ORDERED**, this 24th day of July, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

6